IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **AKOUVI ADJUESSOM, individual and as Administratrix of the ESTATE OF RANDALL ADJUESSOM,**　　　　Plaintiff,<br><br>v.<br><br>**CITY OF MOBILE,** *et al.***,**　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)　　CIV. ACT. NO. 1:24-cv-472-TFM-B<br>)<br>)<br>)<br>)<br>) |

### ORDER

Pending before the Court is the *Motion for Leave to File Evidentiary Materials Under Seal* (Doc. 87, filed September 8, 2025) in which Plaintiff Akouvi Adjessom, individually and as Administratrix of the Estate of Randall Adjessom, Deceased, requests the Court's leave to file under seal additional relevant body-worn camera ("BWC") footage in support of her opposition to the pending motion to dismiss in this matter. In support of the motion, Plaintiff states she makes her request consistent with the Court's July 22, 2025 Order in which it provisionally sealed BWC footage pending the Court's review and determination of the motion to dismiss.

Accordingly, consistent with the Court's July 22, 2025 Order, the motion (Doc. 87) is **GRANTED in part** and **DENIED in part**. Plaintiff's BWC footage that is submitted in support of her opposition to the motion to dismiss – Exhibits A, B, and C that are referenced in her notice of filing evidentiary materials (Doc. 86) and were submitted to the Clerk of Court to be filed under seal - will remain **PROVISIONALLY SEALED** pending the Court's review and determination on the motion to dismiss.

The Court notes, as it did in its July 22, 2025 Order, Plaintiff's objections to sealing the

BWC footage are well taken, and the law favors public access to Courts especially as it relates to Court decisions. Therefore, once the motion to dismiss has been ruled upon, if the video evidence is relied upon in resolving any dispositive motions, it is the Court's intention to unseal the videos (regardless of whether the motions are granted or denied). However, the Court would delay the unsealing for a sufficient period necessary for any party to file any interlocutory appeal (should one be appropriate). At that point, should any party wish for the video to remain under seal pending the appeal, then they would need to file a motion to seal before the Eleventh Circuit for review and determination. Moreover, while the exhibit will be unsealed after a ruling on the motion to dismiss, the Court may still place restrictions on its dissemination and how the public may access the evidence at issue. This ruling will be finalized with a more specific order once that time arrives.

**DONE** and **ORDERED** this 9th day of September 2025.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE