IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| AKOUVI ADJESSOM, Individually and as Administratrix of the Estate of Randall Adjessom, deceased,<br><br>     Plaintiff,<br><br>vs.<br><br>CITY of MOBILE, *et al.*,<br><br>     Defendants. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*  CIVIL ACTION NO. 24-00472-TFM-B<br>*<br>*<br>*<br>* |

### ORDER

This action is before the Court on certain individual Defendants' motion to stay Rule 26 discovery obligations and the entry of a Rule 16 scheduling order, all Defendants' joint motion for protective order, and the Defendant City of Mobile's motion stay <u>Monell</u> discovery. (Docs. 59, 60, 63). Plaintiff has filed responses in opposition to the motions. (Docs. 65, 71, 72). Upon consideration and for good cause shown, the motion to stay Rule 26 discovery and entry of a Rule 16 scheduling order (doc. 59) is **GRANTED,** and the joint motion for protective order (doc. 60) is **PROVISIONALLY GRANTED IN PART AND IS DENIED IN PART.** The undersigned will defer ruling on the City of Mobile's Motion to stay <u>Monell</u> discovery (doc. 63) until the pending motion to dismiss (doc. 78) is resolved.

This case was filed by Akouvi Adjessom, individually and as the administratrix of the estate of Randall Adjessom, who was killed during the execution of a search warrant by the Mobile Police Department SWAT Team on November 13, 2023. (Doc. 73). As administratrix of Randall Adjessom's estate, Plaintiff Adjessom asserts claims for excessive force, bystander liability, deliberate indifference, negligence and wrongful death against the individual police officers and Monell liability against the City. She also asserts claims, in her personal capacity, for excessive force, unlawful detention and false imprisonment. (Id.). Certain individual defendants filed a collective motion seeking a stay of all discovery pending resolution of their impending motion to dismiss. (Doc. 59). According to the moving Defendants, they are entitled to qualified immunity, which is a threshold issue which should be resolved before they are forced to engage in costly discovery.(Id.) The City of Mobile likewise argues that there can be no Monell liability in the absence of an underlying constitutional violation; thus, Monell discovery should be stayed until there is a finding of liability against the individual defendants. (Doc. 63). All Defendants also seek a protective order prohibiting the release of the camera footage of the events surrounding the shooting in this case as well as well as other unspecific materials which Defendants contend are highly graphic, sensitive and confidential. (Doc. 60).

In her response in opposition, Plaintiff asserts that the request to stay all discovery is overly broad, unnecessary, and prejudicial to her case. According to Plaintiff, regardless of the outcome of the qualified immunity issue, Defendant Vigoa-Martinez and the City of Mobile will have to answer discovery relating to Defendant Vigoa-Martinez's training, decision-making, use of force, adherence to departmental policy, and disciplinary or investigative history. And, the individual defendants will have to participate in discovery regardless of the outcome of the qualified immunity issue. Additionally, Plaintiff argues that she will suffer prejudice from a blanket stay of discovery because with the passage of time, physical evidence will be misplaced, witnesses will become unavailable and electronically stored information will be deleted in the ordinary course of operations.

Turning first to the request to stay discovery and entry of the Rule 16 scheduling order, the undersigned observes that Federal District Courts have "broad discretion in deciding how best to manage the cases before them." See Adinolfe v. United Techs. Corp., 768 F.3d 1161, 1167 (11th Cir. 2014) (citation omitted). This discretion extends to pre-trial matters such as discovery and scheduling orders. Johnson v. Bd. of Regents of the Univ. of Georgia, 263 F.3d 1234, 1269 (11th Cir. 2007). Indeed, Rule 26(c) of the Federal Rules of Civil Procedure authorizes the Court to stay discovery to protect parties from "undue burden or expense."

3

Here, certain individual Defendants have argued that they are entitled to qualified immunity, a legal concept that seeks to protect the government and government officials from the cost of trial and the burdens of far-reaching discovery. Caraballo-Sandoval v. Honsted, 35 F.3d 521 (11th Cir. 1994) ("[Q]ualified immunity seeks to protect government officials from the cost of trial and the burdens of broad reaching discovery.") (citing Harlow v. Fitzgerald, 457 U.S. 800, 817-18, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982)). As such, court have held that "[a]s a matter of public policy and judicial efficiency, qualified immunity questions should be resolved at the earliest possible stage of litigation." Anderson v. Creighton, 483 U.S. 635, 646, 107 S. Ct. 3034, 97 L. Ed. 2d 523 (1986); Caraballo-Sandoval, 35 F. 3d at 524 (finding that the district court properly stayed discovery until it decided the qualified immunity issue). Accordingly, to protect the parties from undue burden and expense, the undersigned finds it appropriate to stay discovery pending a resolution of the motion to dismiss.

Turning next to Defendants' motion for a protective order (Doc. 60), the movants seek to shield the camera/video footage of the underlying incident and other unidentified documents. For the reasons set forth in Judge Moorer's Order dated July 22, 2025 (Doc. 75), the motion is provisionally granted as to the camera/video footage as set forth in Judge Moorer's Order. The

4

motion is denied as premature with respect to any other evidence or material because it is not clear from the motion what other specific documents or evidence are at issue.

With respect to the City's motion to stay Monell discovery, the undersigned will defer ruling on that motion until the pending motion to dismiss (doc. 78) is resolved.

**ORDERED** this **17th** day of **October, 2025.**

                                        **/s/ SONJA F. BIVINS**
                                  **UNITED STATES MAGISTRATE JUDGE**