**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **AKOUVI ADJESSOM, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF RANDALL ADJESSOM, DECEASED**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**CITY OF MOBILE, et al.,**<br><br>**Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **CIVIL ACTION NO. 1:24-CV-00472-TFM-B** |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT VIGOA-MARTINEZ'S MOTION TO KEEP BWC VIDEO UNDER SEAL**

Plaintiff Akouvi Adjessom ("Plaintiff"), Individually and as Administratrix of the Estate of Randall Adjessom ("Randall"), Deceased, by and through the undersigned Counsel, hereby submits this opposition to Defendant Vigoa-Martinez's Motion to Keep BWC Video Under Seal. *See* Dkt. 120.

## I. INTRODUCTION

Defendant Vigoa-Martinez asks this Court to reconsider its July 2025 and July 2026 Orders, unsealing the BWC footage depicting Randall's death used by Vigoa-Martinez's co-defendants' Motions to Dismiss and Plaintiff's Opposition thereto. For the reasons set out below, this Motion should be denied.

## II. ISSUES PRESENTED

***Should this Court unseal the BWC footage submitted in support of and in opposition to the Individual Defendants' Motion to Dismiss, consistent with the Court's July 22, 2025, and July 28, 2026 Orders?***

***Suggested Answer: Yes.***

## III. STATEMENT OF RELEVANT FACTS

The question of whether to seal the footage depicting the incident at issue in this case has been before the Court since July 2025. Then, Defendants Charles DeGreer, Gerald Ripple, David Reyes, Jalon Robinson, Clinton Law, Scott Hanks, Robert Davis, Daryl Gibson, Kyle Carag, Josh Evans, Steven Laster, Jonathan Myers, Blake Tillman, Steven Guidry, Brian River, Christian Bryant, Jordan Soto, Oliver Simpson, Elizabeth Lowry, Charles Hunter, Philip Morris, and Caitlyn Williams (collectively the "Individual Defendants") asked this Court to seal the BWC footage that they submitted in support of their Motion to Dismiss. *See* Dkt. 62. Plaintiff opposed the sealing of that footage. *See* Dkt. 64. At the time of that filing, Vigoa-Martinez did not file any reply in support or join the motion. For the sake of brevity, Plaintiff incorporates by reference her statement of facts from her opposition here.

On July 22, 2025, the Court granted the Individual Defendants' Motion to Seal in part, only provisionally sealing the BWC footage. The Court noted that, upon resolution of the Motion, it intended to unseal the videos "regardless of whether the motions are granted or denied," and subject to any interlocutory appeals. *See* Dkt. 75. Defendant Vigoa-Martinez did not seek reconsideration of the Court's July 22, 2025 Order related to the eventual unsealing of the BWC evidence.

On July 28, 2026, the Court entered its order on the Motions to Dismiss. Therein, the Court reaffirmed its July 22, 2025 Order, ordering that the BWC would be unsealed in forty days if no appeal was filed. *See* Dkt. 118. Defendant Vigoa-Martinez did not seek reconsideration of this Order. At a Status Conference on August 26, 2026, Individual Defendants advised the Court that they would not appeal the July 28, 2026 Order, meaning the BWC would be unsealed. On September 2, 2026, less than one week before the Order unsealing the BWC footage was scheduled

to go into effect, Defendant Vigoa-Martinez filed his opposition to the unsealing for the first time and moved to stay the effect of an Order that had been pending for over a year. *See* Dkt. 120.

## IV. LEGAL ARGUMENT

### *i. The Court should treat the instant Motion as a Motion for Reconsideration.*

Though Defendant Vigoa-Martinez styled his motion as a Motion to Keep the BWC under Seal, it is, in essence, a Motion for Reconsideration and should be considered under that standard. The Court is not bound by the movant's characterization of their motion. *See, e.g., Smith v. U.S. Parole Comm'n*, 721 F.2d 346 (11th Cir. 1983); *Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221 (11th Cir. 2021); *Weeks v. Wyeth, Inc.*, 120 F. Supp. 3d 1278 (M.D. Ala. 2015). Where an Order has already been entered on an issue, successive motions seeking the same or substantially similar relief already denied are more properly construed as motions for reconsideration. *See, e.g., In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, No. 05-MD-1720 (MKB) (JAM), 2025 WL 2490442 (E.D.N.Y. Aug. 29, 2025), *United States Sec. & Exch. Comm'n v. Young*, 121 F.4th 70 (10th Cir. 2024); *F.W. Kerr Chem. Co. v. Crandall Assoc., Inc.*, 815 F.2d 426 (6th Cir. 1987).

Whether a motion for reconsideration is the proper procedural vehicle does not depend on whether the party now moving filed the motion that led to the original order. Instead, where an issue has been considered on the merits and an order entered, the Law of the Case doctrine becomes the proper analytical framework. *U.S. v. Escobar–Urrego*, 110 F.3d 1556, 1560 (11th Cir.1997); U.S. v. Means, 135 Fed. Appx. 293, 295 (11th Cir. 2005). The Law of the Case doctrine states that "an issue decided at one stage of a case is binding at later stages of the same case." *Escobar–Urrego,* 110 F.3d at 1560. Of course, district courts have substantial leeway to reconsider, revise, alter, or amend their non-final orders under Rule 54(b). *Hornady v. Outokumpu Stainless USA,*

*LLC,* 118 F.4th 1367, 1379-80 (11th Cir. 2024). However, the proper method to request such a change is a Motion for Reconsideration. *See, e.g., id.* (discussion of plenary power of the District Court to review prior orders in the context of motion for reconsideration).

Because the Court heard the issues related to sealing the BWC and entered two Orders addressing the sealing and unsealing of the BWC footage – the exact issue now raised by Defendant Vigoa-Martinez's Motion - Defendant Vigoa-Martinez's Motion should be reviewed as a Motion for Reconsideration of those Orders. For his part, Defendant Vigoa-Martinez offers no rationale for why the Court should consider his Motion anew, divorced from the context of the prior orders on the same issue. He does not argue that he is in a different position than his co-defendants regarding the BWC. He does not provide any explanation for why he did not address his position at the time of Defendants' original filing, after the Court's July 2025 Order, or before the Court's July 2026 Order. A Motion for Reconsideration review is the proper analysis for his motion.

***ii. Defendant Vigoa-Martinez's Motion for Reconsideration must be denied.***

District courts may reconsider prior orders at their own discretion but are cautioned that they "should hesitate before revisiting their earlier interlocutory orders; important interests of finality, stability, and predictability underly that justifiable caution." *Hornady*, 118 F.4th at 1380. While Law of the Case Doctrine is a guide and not a limit on the District Court's discretion, "the doctrine as a whole 'expresses the practice of courts generally to refuse to reopen what has been decided.'" *Id.* (quoting *Christianson v. Colt Indus. Operating Corp*., 486 U.S. 800, 817, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988)). Further, the *Hornady* Court explained:

> …a district court typically would not abuse its discretion when rejecting a motion to reconsider an interlocutory order if the movant simply rehashed arguments already considered and rejected. And finally, the more time that has passed between

> a district court's ruling and a party's motion to reconsider that ruling, the less willing the court ought to be to entertain the party's request.

*Hornady,* 118 F.4th at 1381 (internal citations and quotations omitted).

Here, the Court ordered that it would unseal this BWC over a year ago. *See* Dkt. 75. Defendant Vigoa-Martinez took no action in that period and now offers no explanation to the Court for the delay. Further, in his motion, Defendant Vigoa-Martinez simply rehashes the arguments already offered by his co-defendants; no new facts or law support his Motion for Reconsideration. The Court already considered the same arguments about the video's impact on public perception in the Individual Defendants' Motion to Seal. *See* Dkt. 62. The arguments made in support of that position were all facts available to Defendants at the time of filing. Further, the minor status of the Plaintiffs was information available to all Defendants prior to the entry of the previous Order. The Court should deny this effort to relitigate matters already considered and decided.

***iii. Even if considered as a Motion to Seal the BWC footage, Defendant Vigoa-Martinez's Motion to Seal must be denied.***

For all the reasons outlined in Plaintiff's original opposition to the Individual Defendants' Motion to Seal, which, for the sake of brevity, is incorporated by reference, this Motion should be denied. *See* Dkt. 62.

Defendant Vigoa-Martinez argues that he would be unable to seat an unbiased jury if this BWC footage were unsealed. However, this argument does not justify sealing this footage. A party's speculative assertion that public access will prejudice jury selection is insufficient to sustain a Motion to Seal. *Romero v. Drummond Co*., 480 F.3d 1234 (11th Cir. 2007). In *Romero*, the Eleventh Circuit rejected the argument that sealing was necessary to protect the defendant's right to a fair trial where the district court's finding was speculative and conclusory, the substance of the

sealed material had already been reported in the press, and the district court failed to explain why less restrictive measures were inadequate. *Id.*

Here, like *Romero*, Defendant Vigoa-Martinez provides no support for his speculative assertions about the risk of bias. Vigoa-Martinez points only to the possibility of public scrutiny through social media and the press as proof that this will deny him a fair jury. However, public scrutiny is not enough: "[p]ublic scrutiny enhances the quality and safeguards the integrity of the factfinding process and permits the public to participate in and serve as a check upon the judicial process." *Doe v. Ga. Dep't of Corr.*, 2024 U.S. App. LEXIS 32594, at *5-6 (11th Cir. Dec. 23, 2024) (*quoting first Globe Newspaper Co. v. Super* Ct., 457 U.S. 596, 606, 610-11 (1982) (internal quotations omitted)). Open proceedings are critical for the public to learn about "the crucial legal issues that help shape modern society" and "it is undeniable that informed public opinion is critical to effective self-governance*." Id.* (quoting *Newman v. Graddick*, 696 F.2d 796, 801 (11th Cir. 1983) (*internal quotations omitted*)). In short, simple public scrutiny is not sufficient evidence of jury bias, and merely raising the specter of potential bias is not enough to justify sealing this footage.

If Defendant Vigoa-Martinez is actually concerned about bias from public scrutiny of what occurred here, then the time for that concern has long passed. Defendants have discussed the substance of the videos extensively in the media. Defendant City of Mobile and several members of the Mobile Police Department, including then Chief Prine, have made public statements to the press about the shooting, about the video contents, and publicly exonerating its officers for their conduct. For example, in one press conference shortly after the shooting, Police Chief Prine "gave …details" about the shooting. Specifically, as reported by Fox 10 TV:

> Mobile Police said the narcotics unit and SWAT team were executing a search warrant for marijuana. There were several people inside the home, including an 8-

> year-old, when the shots rang out. After knocking and announcing, Mobile Police said law enforcement made their way down the hallway when they were confronted with the 16-year-old armed with a laser-sighted pistol.
>
> Police said the laser was pointed at officers, and in response, an officer shot the 16-year-old at least once in the abdomen or lower torso. He was taken to the hospital, where he died. Chief Prine said his officers made it clear they were entering the home. "We understand especially that time of the morning, that we need to wake folks up," said Prine. "I am confident that this scenario, that our officers, multiple officers, did everything they could to knock and announce and make their presence known before making their way into the residence."[1]

This subject matter implicates the content of these videos. As with *Romero*, Defendants had already reported this material in the press.

Moreover, to the extent media coverage *does* risk bias in the jury pool, Defendant Vigoa-Martinez's requested relief would instead prejudice that pool against Plaintiff. Defendants have had the opportunity to characterize the shooting and the officers' actions to the media. Sealing these videos now would allow the Defendants' framing to be the only version, with Chief Prine's characterization of what happened "captured on the internet forever." *See* Dkt. No. 120, p. 10.

Finally, Defendant Vigoa-Martinez has no standing to assert minor Plaintiffs' privacy rights on their behalf. *See e.g., Adelman v. Boy Scouts of Am.*, 276 F.R.D. 681, 694 (S.D. Fla. 2011) (rejecting argument against discovery relying on assertion of privacy of third parties). Here, the minor parties are represented by counsel and have a mother to assert their privacy rights on their behalf, both in the context of this litigation and otherwise.[2] Defendant Vigoa-Martinez's invocation of their privacy rights to support a Motion that Plaintiffs oppose is inappropriate and should not be considered. Still, if the Court were to consider this, the BWC footage that show the

---

[1] https://www.fox10tv.com/2023/11/14/mobile-police-chief-gives-new-details-into-officer-involved-shooting-which-killed-16-year-old-boy/ (Published Nov. 13, 2023) (last accessed Sept. 8, 2026).

[2] Defendant Vigoa-Martinez notes the use of initials to identify the two minor plaintiffs in support of his assertion of their privacy rights in the context of this Motion. Plaintiff rejects suggestion that the use of initials for minor Plaintiffs, which is mandatory under Fed. R. Civ. P. 5.2(a)(3), supports Defendant Vigoa-Martinez's motion here.

minors does not constitute all the BWC and should not be used as a basis to restrict the entirety of the footage.

## V. CONCLUSION

Plaintiff Akouvi Adjessom, Individually and as Administratrix of the Estate of Randall Adjessom, Deceased, respectfully requests this Honorable Court deny Defendant Vigoa-Martinez's Motion to Keep BWC Video Under Seal. *See* Dkt. 120.

/s/ *Elizabeth A. Bailey*
Elizabeth A. Bailey (PHV)
Danial A. Craig (PHV)
Caley DeGroote (PHV)
123 Justison Street
Wilmington, DE 19801
302-622-7086
ebailey@gelaw.com
dcraig@gelaw.com
cdegroote@gelaw.com

**COUNSEL:**
**GRANT & EISENHOFER, P.A.**
123 Justison St.
Wilmington, DE 19801
Tel: 302-622-7000
Fax: 302-622-7100
**GRANT & EISENHOFER P.A.**

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon counsel of record herein via CM/ECF and/or via email or First Class U.S. Mail to the parties on this 11th day of September, 2026 as follows:

Tim A. Heisterhagen, Esquire
Burr & Forman, LLP
Post Office Box 2287
Mobile, AL 36652
Ph: 251-344-5151
Fax: 251-344-9696
theisterhagen@burr.com

*Attorney for Defendant City of Mobile*

Raymond L. Bell, Esquire
Mark L. Redditt, Esquire
J. Marshall Gardner, Esquire
Maynard Nexson, PC
RSA Battle House Tower
11 North Water St., Suite 24290
Mobile, AL 36602
Ph: 251-432-0001
Fax: 251-432-0007
rbell@maynardnexsen.com
mredditt@maynardnexsen.com
mgardner@maynardnexsen.com

*Attorneys for Defendants Charles DeGeer, Gerald Ripple, David Reyes, Jalon Robinson, Clinton Law, Scott Hanks, Robert Davis, Daryl Gipson, Kyle Carag, Josh Evans, Steven Laster, Jonathan Myers, Blake Tillman, Steven Guidry, Brian Rivers, Christian Bryant, Jordan Soto, Oliver Simpson and Elizabeth Lowry*

**GRANT & EISENHOFER P.A.**

***/s/ Elizabeth A. Bailey***
ELIZABETH A. BAILEY