**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **AKOUVI ADJUESSOM, individually and as Administratrix of the ESTATE OF RANDALL ADJESSOM,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **CIV. ACT. NO. 1:24-cv-472-TFM-B** |
| **CITY OF MOBILE, *et al.*,** | ) | |
| **Defendants.** | ) | |

---

| | | |
|---|---|---|
| **AKOUVI ADJUESSOM, *et al.*,** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **CIV. ACT. NO. 1:25-cv-455-TFM-B** |
| **CITY OF MOBILE, *et al.*,** | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

On September 30, 2026, the Court held a hearing on several issues to include the release of the body camera footage, the question of consolidation, and the timing and scope of discovery. This opinion takes up the Defendants' Joint Motion to Consolidate for Purposes of Discovery and to Stay Discovery (Doc. 101), which were filed in *Adjessom v. City of Mobile*, Civ. Act. No. 1:24-cv-472-TFM-B (S.D. Ala.) ("*Adjessom I*"), and Defendants' Joint Motion to Consolidate for Purposes of Discovery and to Stay Discovery (Doc. 38), which was filed in *Adjessom v. City of Mobile*, Civ. Act. No. 1:25-cv-455-TFM-B (S.D. Ala.) ("*Adjessom II*"). This Order addresses the joint motions to consolidate and stay discovery. *Adjessom I*, Doc. 101, *Adjessom II*, Doc. 38.

In the joint motions to consolidate and to stay discovery, the City Defendants move the Court to consolidate *Adjessom I* with the related action that was later filed in this Court, *Adjessom II*. *Adjessom I*, Doc. 101, *Adjessom II*, Doc. 38. The City Defendants also petitioned the Court to stay their Fed. R. Civ. P. 26 discovery obligations pending the Court's ruling on the motion to dismiss (*Adjessom I*, Doc. 78) that was filed in *Adjessom I*. *Adjessom I*, Doc. 101, *Adjessom II*, Doc. 38.

"If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." FED. R. CIV. P. 42(a). Rule 42(a) "is a codification of a trial court's inherent managerial power 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985) (citing *In re Air Crash Disaster at Fla. Everglades*, 549 F.2d 1006, 1012 (5th Cir. 1977)). Under the third provision of the rule, the undersigned already directed the reassignment of *Adjessom II* to the same district judge and magistrate judge. *See* Doc. 111. The Court now considers its options under the first and second provisions.

As noted by the plain language in the use of the word "may," the Court's decision under Fed. R. Civ. P. 42(a) is purely discretionary. *See also Eghnayem v. Boston Sci. Corp.,* 873 F.3d 1304, 1313 (11th Cir. 2017) (quoting *Hendrix*, 776 F.2d at 1495) (emphasizing decision is "purely discretionary."). In exercising that discretion, the Court must take into account the following factors: (1) whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues; (2) the burden on parties, witnesses and available judicial resources posed by multiple lawsuits; (3) the length of time

required to conclude multiple suits as against a single one; and (4) the relative expense to all concerned of the single-trial, multiple-trial alternatives. *Id.* Finally, the Court may decide to consolidate for pretrial, trial, or both.

At the motions hearing, Plaintiff, through counsel, represented she no longer opposes consolidation as the opposition was based solely on the question of staying the discovery. The Court finds the relevant factors weigh in favor of consolidating *Adjessom I* and *Adjessom II* for pre-trial and trial.[1]

At the hearing, the Court issued an oral order granting in part and denying as moot in part the motions to consolidate and stay discovery. *Adjessom I*, Doc. 137, *Adjessom II*, Doc. 58. The Court (1) granted the motions to consolidate and (2) denied as moot the motions to stay the City Defendants' discovery obligations since the Court ruled on the motion to dismiss in *Adjessom I* and no appeal of the Court's Memorandum Opinion and Order (*Adjessom I*, Doc. 118) was filed. *Adjessom I*, Doc. 137, *Adjessom II*, Doc. 58. The Court also indicated a written opinion would follow. This is that opinion.

Accordingly, the joint motions to consolidate and stay discovery (*Adjessom I*, Doc. 101, *Adjessom II*, Doc. 38) are **GRANTED in part and DENIED as moot in part**. The motions are **GRANTED** as to the request to consolidate. Accordingly, *Adjessom v. City of Mobile*, Civ. Act. No. 1:24-cv-472-TFM-B (S.D. Ala.), and *Adjessom v. City of Mobile*, Civ. Act. No. 1:25-cv-455-TFM-B (S.D. Ala.), are **CONSOLIDATED**. The first filed case, *Adjessom v. City of Mobile*, Civ. Act. No. 1:24-cv-472-TFM-B (S.D. Ala.), is **DESIGNATED** the lead case, and all future filings

[1] The parties and/or the Court at any point may consider the issue of a consolidated trial. The Court will re-evaluate the issue after any further dispositive motions (including summary judgment). Additionally, if during discovery that materials develop that may change the analysis of both the scope of discovery (e.g. *Monell* related discovery) and the future of consolidation, the parties are free to raise the issue by a new motion.

are to be done in the lead case. Additionally, the parties are **DIRECTED** to use the consolidated header that is used in this Opinion. The joints motions are **DENIED as moot** as to the request to stay the City Defendants' discovery obligations since the Court ruled on the motion to dismiss in *Adjessom I* and no appeal of the Court's Memorandum Opinion and Order (*Adjessom I*, Doc. 118) was filed.

The Magistrate Judge also ordered in both *Adjessom I* (Doc. 138) and *Adjessom II* (Doc. 59) for the parties to meet and file an amended report pursuant to Fed. R. Civ. P. 26(f). This consolidation order supplements that order by **DIRECTING** that a single report should be filed in the lead case as it now is a single consolidated matter which will be governed by a single scheduling order.

The Court will issue a separate order as it relates to the Defendant City of Mobile's Motion to Stay Monell Discovery (Doc. 63, as amended by Doc. 128).

**DONE** and **ORDERED** this 2nd day of October 2026.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE