**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **AKOUVI ADJESSOM, individually and as Administratrix of the ESTATE OF RANDALL ADJESSOM,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**CITY OF MOBILE, *et al*.,**<br><br>**Defendants.** | ) | **CIV. ACT. NO. 1:24-CV-472-TFM-B** |
| **AKOUVI ADJESSOM, *et al*.,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**CITY OF MOBILE, *et al*.,**<br><br>**Defendants.** | ) | **CIV. ACT. NO. 1:25-CV-455-TFM-B** |

**PLAINTIFFS' MOTION TO CLARIFY, OR IN THE ALTERNATIVE RECONSIDER THE COURT'S TEXT-ONLY ORDER TO STAY *MONELL*-RELATED DISCOVERY**

Plaintiff Akouvi Adjessom ("Plaintiff"), individually and as Administratrix of the Estate of Randall Adjessom ("Randall"), Deceased, and individually and on Behalf of Minor Children J.Y.A. and J.S.A., Sokede Azogba, Christine Adjessom, and Jenice Adjessom ("Children"), by and through the undersigned Counsel, hereby submits this motion to clarify, or in the alternative, to reconsider, this Honorable Court's September 30, 2026, text-only Order mandating a stay of *Monell*-related discovery as to Defendant City of Mobile ("Defendant") "until the issue of whether the individual officers violated Randall Adjessom or Plaintiff Akouvi Adjessom's constitutional rights" is resolved. *See* Dkt. 136.

## I. INTRODUCTION

Via this motion, Plaintiffs seek exceedingly narrow relief. Plaintiffs do not ask the Court to reconsider its stay of discovery generally, nor do Plaintiffs ask the Court to reconsider its ruling on consolidating related cases for discovery. Instead, Plaintiffs ask the Court only to clarify or amend—or in the alternative, reconsider—the language of its text-only Order, reflected on the electronic docket at Dkt. 136, entered on September 30, 2026. Because the question of whether seemingly inconsistent verdicts can be harmonized requires a degree of fact-finding, this Court should reserve any resolution of whether *Monell* liability would require liability for the individual officers until a later stage of the case. For the reasons set forth below, the language of the text-only Order should be clarified or reconsidered.

## II. STATEMENT OF RELEVANT FACTS

On July 3, 2025, Defendant filed a Motion to Stay *Monell* Discovery until this Court determined whether the individual officer defendants violated Randall Adjessom's constitutional rights. *See* Dkt. 63. On September 18, 2026, Plaintiffs filed a supplemental memorandum to our previous opposition, *see* Dkt. 41, arguing, *inter alia*, that Plaintiffs do not need to prove individual officer liability to establish *Monell* liability. *See* Dkt. 55.

On September 30, 2026, the Court conducted a hearing on several issues, including the question of consolidation and the timing and scope of discovery, as raised in *Adjessom v. City of Mobile*, Civ. Act. No. 1:24-cv-472-TFM-B (S.D. Ala.) ("*Adjessom I*") and *Adjessom v. City of Mobile*, Civ. Act. No. 1:25-cv-455-TFM-B (S.D. Ala.) ("*Adjessom II*"). *See* Dkt. 139 at 1. That same day, the Court entered a text-only Order staying *Monell*-related discovery, which read:

> For the reasons as set forth on the record, Defendant City of Mobile's Motion to Stay *Monell* Discovery (Doc. 63) is **GRANTED**. *Monell*-related discovery is **STAYED** as to Defendant City of Mobile until the issue of whether the

> individual officers violated Randall Adjessom or Plaintiff Akouvi Adjessom's constitutional rights. (mab) (Entered: 09/30/2026)

Dkt. 136.

## III. LEGAL ARGUMENT

### *i. Standard of Review for Motions for Clarifications and Reconsiderations*

A court has full discretion to grant a party's request for clarification of an order or other part of the record. *See Barbee v. Berryhill*, 350 F. Supp. 3d 1209, 1217–18 (N.D. Ala. 2018). A district court also has the discretion to reconsider interlocutory orders and revise or amend them at any time before final judgment. *Cooper v. Volvo Group North Am., Inc.*, 2013 WL 12284819, at *1 (N.D. Ala. Aug. 5, 2013); *see Chapman v. AI Transport*, 229 F.3d 1012, 1023–24 (11th Cir. 2000).

To the extent this motion may be construed as a motion for reconsideration, "reconsideration is appropriate to correct manifest errors of law." *Gougler v. Sirius Prods, Inc.*, 370 F. Supp. 2d 1185, 1189 (S.D. Ala. 2005). In such instances, the burden is on the moving party to show a clear and obvious error where the interests of justice demand correction. *Kelli Gardner v. Kijakazi*, 2024 WL 6888634, at *1 (S.D. Ala. Jan. 18, 2024). A clear error of law exists, for example, where there has been a disregard of the controlling law. *Id*. (quoting *Barcliff, LLC v. M/V DEEP BLUE, IMO No. 9215359*, 2016 WL 10894490, at *9 (S.D. Ala. Dec. 20, 2016)).

### *ii. Eleventh Circuit precedent confirms that Plaintiffs do not need to prove that individual officers violated Randall Adjessom's or Plaintiffs' constitutional rights to successfully raise a* **Monell** *liability claim against Defendant.*

There is extensive factual inquiry that has to be completed before any finding as to the prerequisites for *Monell* for can be determined. For this reason, Plaintiff asks the court reserve its holding on that issue until a more appropriate time.

*Monell* liability requires a constitutional deprivation . *See* Dkt. 128 at 4 (to establish *Monell* liability, "there must be an underlying constitutional violation in a case like this"). Of course, if Plaintiffs cannot establish any constitutional deprivation occurred *at all*, then there can be no *Monell* liability. "[A]n inquiry into a governmental entity's custom or policy is relevant only when a constitutional deprivation has occurred." *Rooney v. Watson*, 101 F.3d 1378, 1381 (11th Cir. 1996) (unnecessary to review argument of failure to train by sheriff where no constitutional right violation).

Yet, under established Eleventh Circuit precedent, *Monell* liability does *not* require that any individual person be responsible for the violation. In the Eleventh Circuit, a plaintiff must show to prove a *Monell* claim is: (1) a deprivation of the plaintiff's constitutional rights; (2) that the municipality had a custom or policy that constituted a deliberate interference with that constitutional right; and (3) the policy or custom caused the deprivation. *Teel v. Lozada*, 99 F.4th 1273, 1279 (11th Cir. 2024). Further, "the exoneration of an individual defendant does not, by itself, exonerate the municipal entity under Section 1983." *Andre v. Clayton Cnty*. *Ga*., 148 F.4th 1282, 1300 (11th Cir. 2025) (citing *Barnett v. MacArthur*, 956 F.3d 1291, 1301 (11th Cir. 2020)). To the contrary, "*Monell* … and its progeny do not require that a jury must first find an individual defendant liable before imposing liability on local government." *Anderson v. City of Atlanta*, 778 F.2d 678, 686 (11th Cir. 1985).

Five years earlier, in *Barnett v. MacArthur*, the Eleventh Circuit reached the same conclusion. 956 F.3d at 1301–02. The court grounded its holding in decisions of several sister-circuit courts. *See Garcia v. Salt Lake City*, 768 F.2d 303.310 (10th Cir. 1985); *Fagan v. City of Vineland*, 22 F.3d 1283, 1292 (3d Cir. 1994) (*en banc*); *Barrett v. Orange Cty. Human Rights Comm'n*, 194 F.3d 341, 350 (2d Cir. 1999); *Speer v. City of Wynne*, 276 F.3d 980, 985–86 (8th

Cir. 2002); *Fairley v. Luman*, 281 F.3d 913, 917 (9th Cir. 2002); *Thomas v. Cook Cty. Sheriff's Dep't*, 604 F.3d 293, 305 (7th Cir. 2010).

While the policies and practices of any *Monell* defendant can "only manifest [themselves] through the actions of individual[s]," Dkt. 136 at 4–5, (in the same way any corporate defendant can act only through the individual persons who comprise the organization), that does not mean individual officers must have committed the constitutional deprivation before *Monell* liability can be established. For example, the Eleventh Circuit in *Anderson v. City of Atlanta* clarified that where no individual officer committed any act or omission that violated a plaintiff's constitutional right, "the combined acts or omissions of several employees acting under a governmental policy or custom may" nonetheless constitute a sufficient deprivation, without a finding that any individual officer was responsible for the deprivation. 778 F.2d at 686 (quoting *Garcia*, 768 F.2d at 310).

In instances where an individual officer is absolved of liability, courts then ask whether such verdicts "can be harmonized with a concomitant decision imposing liability on the municipality." *Barnett*, 956 F.3d at 1302. These seemingly discordant verdicts are harmonious when the nature of the alleged constitutional violation, the theory of municipal liability asserted, and the defenses set forth by individual actors can demonstrate a reconcilability between the municipality's liability and the individual's non-liability. *See id*. (citing *Speer*, 276 F.3d at 986). Because this inquiry requires a thorough examination of the facts, harmonization is generally best addressed at a later stage of litigation, once the record is sufficiently developed. And the cases where the Eleventh Circuit has found harmony between seemingly inconsistent verdicts, especially after briefing, is legion.

For example, in *Andre v. Clayton Cnty. Ga.*, the Eleventh Circuit found verdicts *against* the defendant county and *for* the individual defendant officers harmonized. 148 F.4th at 1306.

There, the court held that the county's policy of instructing officers to search passengers in violation of their Fourth Amendment rights was reconcilable with the dismissal of the individual officer defendants because the county's action, not that of the individual officers, caused the deprivation. S*ee id*. at 1300–02. In its analysis, the court also reiterated that an individual defendant officer's successful qualified immunity defense can be harmonized with a municipal entity's liability. *Id.* (citing *Barnett*, 956 F.3d at 1302 n.8).

*Anderson* relied on similar logic. There, the Eleventh Circuit reversed the trial court, which had erred in reasoning that no municipal liability could exist because the jury absolved all individual officers. 778 F.2d at 686. The Eleventh Circuit concluded, *inter alia*, that a harmony existed between a verdict against the defendant city and one for all individual defendant officers where the alleged constitutional deprivation was caused by the city's routine understaffing of its jails. *Id*. The Eleventh Circuit reasoned that "if the jury were to find, as it did, that the deprivation of Mr. Anderson's constitutional rights was a result of understaffing, then it would logically find no fault on the part of the individual arresting officers." *Id*. In its analysis, the *Anderson* Court considered testimony that the director knew of the jails' inadequate staffing and testimony that it was, therefore, difficult for defendant officers to perform their jobs properly. *Id*.

Likewise in *Barnett*, the Eleventh Circuit reversed summary judgment for a defendant sheriff who stood in the county's stead and remanded the case so claims against the sheriff could proceed. 956 F.3d at 1293. Pursuant to the sheriff's policy, the individual defendant officer arrested the plaintiff for suspicion of driving under the influence, administered a breathalyzer when the plaintiff arrived at the jail, and detained the plaintiff for eight hours despite knowing the plaintiff's blood alcohol level was 0.00% and plaintiff posting bond. *Id.* The Eleventh Circuit in *Barnett* reasoned, "[w]here, as here, a jury has returned a verdict in favor of an individual defendant on a

§ 1983 claim, the question is whether that verdict 'can be harmonized with a concomitant verdict or decision imposing liability on the municipal entity.'" *Id.* at 1302. A judgment in favor of the individual officer was not inconsistent with the county's liability in *Barnett* because the officer lacked discretion in his role and was obligated to adhere to the sheriff's settled policy that DUI arrestees must be held for eight hours before release. *Id*. at 1302–03.

This case law confirms two pillars of well-settled Eleventh Circuit precedent. *First*, a plaintiff need not prove an individual defendant officer violated a plaintiff's constitutional rights as a prerequisite to *Monell* liability. Thus, a judgment absolving an officer from liability does not preclude a concurrent finding of municipal liability. *Second*, when individual defendant officer(s) are found not liable for a constitutional deprivation, municipal liability may still be found if the facts can be harmonized. An assessment of harmonization, however, can occur only *after* the fact-finding process.[1] Therefore, whether a verdict for the individual officers and a verdict against Defendant can be harmonized necessarily requires an assessment of facts not yet available at this early stage.

Because this law is well-settled and no doubt is known to this Court, Plaintiffs seek narrow relief. Plaintiffs ask the Court only to clarify, amend—or in the alternative, reconsider—the language of its text-only Order, reflected on the electronic docket at Dkt. 136, entered on September 30, 2026, requiring Plaintiffs to prove that the individual officers violated Plaintiffs' constitutional rights. Instead, Plaintiffs respectfully request the Court clarify, amend or reconsider the text-only Order, reserving resolution of this issue for dispositive motions and thereby allowing

[1] Plaintiffs believe, based on their allegations—particularly related to staffing and policies mandating who executes warrants—that a verdict of officer non-liability could be easily harmonized with a verdict against the City. However, Plaintiffs submit it is too early in the discovery process to address this issue, and the Court need not examine it when considering the narrow relief requested here.

the parties and the Court the full benefit of appropriate legal briefing and facts knowable only through discovery. This would allow the parties to continue with discovery as currently envisioned and reserve the Court's analysis on *Monell* prerequisite findings for a more appropriate time.

## IV. CONCLUSION

Plaintiffs Akouvi Adjessom, individually and as Administratrix of the Estate of Randall Adjessom, Deceased, and individually and on Behalf of Minor Children J.Y.A. and J.S.A., Sokede Azogba, Christine Adjessom, and Jenice Adjessom, respectfully request that this Honorable Court clarify  amend its text-only Order dated September 30, 2026. *See* Dkt. 136.

Date: October 14, 2026

**GRANT & EISENHOFER, P.A.**

*/s/ Elizabeth A. Bailey*

Elizabeth Bailey, Esquire (PHV)
123 Justison Street
Wilmington, DE 19801
Phone: (302) 622-7000
Fax: (302) 622-7100
ebailey@gelaw.com

*Attorneys for Plaintiff Akouvi Adjessom, individually and as Administratrix of the Estate of Randall Adjessom, and individually and on behalf of minor children J.Y.A. and J.S.A., Sokede Azogba, Christine Adjessom, and Jenice Adjessom*

## CERTIFICATE OF SERVICE

I hereby certify that, on October 14, 2026, I electronically filed the foregoing document with the Clerk of court using the CM/ECF system, which will send notification of the filing of the foregoing to all counsel of record.

/s/ Elizabeth A. Bailey
ELIZABETH A. BAILEY

Dated: October 14, 2026